William R. Roy, J.
This is a motion by the respondent, Board of Zoning Appeals of the City of Syracuse, to dismiss an article 78 proceeding commenced by Percy Lavere, the petitioner herein.
The petitioner, on or about June 24,1971, commenced an article 78 proceeding to review a determination of the Board of Zoning Appeals of the City of Syracuse. On May 26,1971, the Board of Zoning Appeals of the City of Syracuse granted a variance requested by Harold and Sarah Gordon to erect a masonry store at 302 Hawley Avenue in the City of Syracuse, by waiving the uses permitted in a Residential “ B ” zone.
The petitioner is a month-to-month tenant in a building located at 300 Hawley Avenue, Syracuse, New York, the property adjacent to the Gordon property. He claims that the granting of the variance was not warranted by the facts, was arbitrary, capricious, and generally contrary to the Zoning Rules and Regulations of the City of Syracuse.
On July 9, 1971, the Board of Zoning Appeals of the City of Syracuse moved to dismiss the article 78 proceeding commenced by Percy Lavere on the ground that he was not an aggrieved party pursuant to subdivision 26-24 of article 5 of chapter 26 of the Revised General Ordinances of the City of Syracuse. That thereafter an order to show cause was obtained to permit *494 one George Cummings to intervene in the petition of the said Percy Lavere pursuant to CPLR 1012 and 1013. It appears that Mr. Cummings owns property at 306 Hawley Avenue near the property owned by the Gordons located at 302 Hawley Avenue, and for which property the variance was granted.
Subdivision 26-24 of article 5 of chapter 26 of the Revised General Ordinances of the City of Syracuse provides for the review of decisions of the Board of Zoning Appeals. The language of that section provides, in substance, that any person or persons aggrieved by any decision of the Board of Appeals may, upon proper cause shown, review any determination or decision of the Board of Appeals by a proceeding under article 78 of the CPLR.
The uncontroverted fact is that Mr. Lavere is a tenant in the property at 300 Hawley Avenue .on a month-to-month basis. It does not appear that Mr. Lavere is the owner of any real property in the area, nor does he have any interest in any such real property.
It is the court’s opinion that the petitioner is not a person aggrieved within the meaning of subdivision 26-24 of article 5 of chapter 26 of the Revised General Ordinances of the City of Syracuse. (Matter of Lido Beach Civic Assoc, v. Board of Zoning Appeals of Town of Hempstead, 13 A D 2d 1030; see 67 N. Y. jur., Zoning & Planning Laws, § 429.) This is not to say that a tenant can never be an aggrieved person within the meaning of that article of the Revised General Ordinances of the City of Syracuse. However, in this ease, the court is of the opinion that Mr. Lavere, as a month-to-month tenant, is not, under .such circumstances, an aggrieved person within the meaning of that article.
Accordingly, the motion of the Board of Zoning Appeals of the City of Syracuse, requesting dismissal of the article 78 proceeding, is granted, and the article 78 proceeding commenced by Percy Lavere is dismissed without costs to either party.
With respect to the motion of George Cummings to intervene in this matter, the court denies that motion in view of the dismissal of the article 78 proceeding herein, rendering that motion academic. If George Cummings sought to review the findings of the Board of Zoning Appeals of the City of Syracuse, assuming him to be an aggrieved party, section 82 of the General City Law requires the application to be made witljin 30 days after the filing of any such decision. This he did not do.